UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBILE NET POSA, INC., a California Corporation,<br><br>  Plaintiff/Counterdefendant,<br><br>v.<br><br>IGNITION WIRELESS, LLC, a Washington Limited Liability Company; NORMAN LEMAY, an individual; and DOES 1 through 30, inclusive,<br><br>  Defendants/Counterclaimants. | Case No. 2:16-cv-8240<br><br>STIPULATED PROTECTIVE ORDER |
| IGNITION WIRELESS, LLC, a Washington Limited Liability Company; NORMAN LEMAY, an individual,<br><br>  Third-Party Plaintiffs,<br><br>v.<br><br>AVI SHAROZ YROSHALMIANE; and DOES 1 through 10, inclusive,<br><br>  Third-Party Defendants. | |

STIPULATED PROTECTIVE ORDER - 1

EXHIBIT A

This matter having come before the Court upon the Stipulation for Entry of Stipulated Protective Order, and the Court finding good cause for entry of said Stipulated Protective Order, it is hereby ordered as follows:

The parties to this action (the "Parties") stipulate to abide by the terms and conditions set forth in the following Protective Order ("Order") with respect to documents and information produced or disclosed in this case:

1. <u>DEFINITIONS</u>

    1.1. "Material" refers to any document, data compilation, testimony, report, interrogatory response, response to a request for admission, response to a request for production, or other information in any form produced or disclosed in this action (including copies), whether voluntarily or through any means of discovery authorized by law, and whether by a party or non-party.

    1.2. Material may be designated "CONFIDENTIAL" if the Designating Party in good faith believes that disclosure of such Material in this case without the designation presents a risk of injury to the legitimate business interests of the Disclosing Party or any other legitimate interest. Confidential information includes, but is not limited to, trade secrets (as trade secrets are defined by California Civil Code Section 3426.1(d)), all Materials reflecting, referring to or evidencing any information deemed confidential by any local, state, or federal statute, ordinance, regulation, or other law, business plans or forecasts, financial plans and forecasts, operational plans and forecasts, and all private or sensitive commercial, financial, personal or personnel, underwriting, rating, claims and insurance policy information. Confidential information may take the form of, but is not limited to, (a) documents, responses to request for production, interrogatory responses, or responses to requests for admissions; (b) hearing or deposition transcripts and related exhibits; and (c) all copies, abstracts, excerpts, analyses, reports, and

complete or partial summaries prepared from or containing, reflecting, or disclosing such confidential information.

1.3. A party may also designate Material as "OUTSIDE COUNSEL EYES ONLY." OUTSIDE COUNSEL EYES ONLY Material must meet the CONFIDENTIAL designation requirements of Section 1.2 and must be so proprietary or competitively sensitive that its disclosure to persons other than those enumerated in Section 4.1.7 below could cause irreparable competitive or other injury to one of the Parties or to a competitor of one of the Parties (for instance, by giving one of the Parties a competitive advantage).

1.4. "Disclosing Party" refers to a party, or non-party, to this action who produces Material.

1.5. "Designating Party" refers to a party or non-party to this action who designates Material as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY.

1.6. "Requesting Party" refers to a party who has made a discovery request.

1.7. "Receiving Party" refers to a party who receives, or is otherwise exposed to, Material during the course of this action.

1.8. "Experts" refers to experts, interpreters, translators, investigators, or consultants retained by any of the Parties to assist in the Relevant Action.

1.9. "Relevant Action" refers to the above-captioned action pending in the U.S. District Court for the Central District of California and any appeal therefrom.

2. SCOPE OF PROTECTIVE ORDER

2.1. Except as the parties may otherwise agree, or the Court may order, Material produced, whether or not designated CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY, including any report, excerpt, analysis, summary,

STIPULATED PROTECTIVE ORDER - 3

EXHIBIT A

or description of it, shall be used solely for the prosecution or defense of the above-captioned action and any appeal thereof.

2.2. This Order shall govern all Material produced in this action, including Material produced prior to entry of this Order.

2.3. The protections of this Order shall not apply to Material that, prior to disclosure in this action, was within the actual possession or knowledge of a Receiving Party but was not subject to any confidentiality obligation between the Parties, was previously disclosed by a Disclosing Party to a non-party to this action without any obligation of confidentiality, or was actually public knowledge, provided that the Material did not become public knowledge through an act or omission of a Receiving Party. However, Material that was in the hands of the Receiving Party prior to disclosure in this action and that was subject to a confidentiality obligation between the Parties shall be made subject to this Order. Any party who claims that the Material was, prior to disclosure in this action, within its actual possession or knowledge and was not subject to a confidentiality obligation or was public knowledge shall have the burden of proving that fact.

3. DESIGNATION OF MATERIAL

   3.1. General Provisions

   3.1.1. A Disclosing Party may designate Material as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY only if the Material (1) is CONFIDENTIAL, as defined by Section 1.2, or OUTSIDE COUNSEL EYES ONLY, as defined by Section 1.3; and (2) is not excluded from the scope of this Order by Section 2.3.

   3.1.2. A Disclosing Party's failure to designate Material as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY at the time of production or disclosure of the Material does not waive its right later to designate the Material as CONFIDENTIAL or

OUTSIDE COUNSEL EYES ONLY.  After any designation, each Receiving Party shall treat the designated Material as either CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY and subject to the protections of this Order.

3.2. Methods of Designation

    3.2.1. A Designating Party may designate Material as CONFIDENTIAL by placing or affixing on the Material the word "CONFIDENTIAL" and/or "SUBJECT TO PROTECTIVE ORDER" or a similar legend.

    3.2.2. A Designating Party may designate Material as OUTSIDE COUNSEL EYES ONLY by placing or affixing on the Material the words "OUTSIDE COUNSEL EYES ONLY."

    3.2.3. Hearing or deposition transcripts, or portions of such transcripts, may be designated CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY by: (a) counsel so stating on the record during the hearing or deposition, or (b) providing written notice to the reporter and all counsel of record within 30 days after the reporter sends notice to counsel that the written transcript is available for review.

    3.2.4. When CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Material is supplied or stored on a digital, electronic, or electromagnetic medium, the CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container or such medium.

3.3. Challenging Confidentiality Designations

    3.3.1. If any Party challenges the confidentiality designation of any CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY information the parties shall undertake to resolve the dispute as follows: (a) the objecting party shall notify the Designating Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection. (b) The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Designating Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating party shall cooperate in promptly making a representative available to discuss the issue and failing such cooperation this requirement is waived. (c) Failing agreement, the Designating Party may bring a noticed motion to the Court for a ruling that the Material sought to be protected is entitled to such designation. The Designating Party bears the burden to establish that the Material is CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY and entitled to protection under this Order. Notwithstanding any such challenge to the designation of Material as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY, all such Material so designated shall be treated as such and shall be subject to the provisions of this Order until one of the following occurs: (a) the Disclosing Party withdraws such CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

4. **DISCLOSURE, USE, AND HANDLING OF CONFIDENTIAL OR OUTSIDE COUNSEL EYES' ONLY MATERIAL**

    4.1. <u>Use and Handling of CONFIDENTIAL or OUTSIDE COUNSEL EYES' ONLY Material</u>

        4.1.1. To the extent any Material filed with the Court, including pleadings, exhibits, transcripts, Expert reports, answers to interrogatories, transcripts of hearings or depositions, and responses to requests for admissions, contains or reveals CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Material, the Material or any portion thereof shall be filed under seal pursuant to the applicable rules.

        4.1.2. All copies, duplicates, extracts, summaries, reports, or descriptions (collectively "copies") of Materials designated as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY, or any portion thereof, shall immediately be affixed with the word "CONFIDENTIAL," or "OUTSIDE COUNSEL EYES ONLY" if such a word does not already appear.

        4.1.3. Material properly designated as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY shall not be posted on the Internet, or disclosed on any other public broadcast forum, chat room, message board, or the like, except to the limited extent such materials are properly made available for review through an Electronic Case Filing system provided by the Court.

        4.1.4. Material designated CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY does not lose protected status through an unauthorized disclosure, whether intentional or inadvertent, by a Receiving Party. If such a disclosure occurs, the Parties shall take

all steps reasonably required to assure the continued confidentiality of the Material.

4.1.5. Material that is subject to a claim of attorney/client privilege or work product protection by the Disclosing Party does not lose its protected status through disclosure to the Receiving Party and disclosure of such Material does not constitute a waiver of a claim of privilege by the Disclosing Party. If Material is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the Material of the claim and the basis for it. After being notified, a party must promptly return or sequester the specified Material and any copies it has and may not use or disclose the information until the question of its privileged or protected status is determined. If a Receiving Party challenges the privilege designation, the receiving party must sequester the Material and promptly present the Material to the court under seal for a determination of the asserted privilege claim. If the Receiving Party disclosed the information before being notified, it must take immediate and reasonable steps to retrieve it. The Disclosing Party must preserve the information until the claim is resolved.

4.1.6. Any Material that is designated CONFIDENTIAL shall not be disclosed to any person or entity other than the following, and only after such person or entity has been advised of and is subject to the terms of this Order.

4.1.6.1. The Parties, including in-house counsel, former officers, directors, partners, employees, or agents of a Party required to provide assistance in the conduct of a Relevant Action;

STIPULATED PROTECTIVE ORDER - 8

EXHIBIT A

4.1.6.2. The Court, its staff, the jury, and all appropriate courts of appellate jurisdiction and their staff in a Relevant Action;

4.1.6.3. Outside counsel of record for the Parties in a Relevant Action;

4.1.6.4. Members of the legal, paralegal, secretarial or clerical staff of such counsel who are assisting in or responsible for working on a Relevant Action and who have need for such information for purposes of a Relevant Action;

4.1.6.5. Experts of the Parties who have a need for such information to assist in a Relevant Action;

4.1.6.6. Court reporters during depositions or hearings in a Relevant Action;

4.1.6.7. Deponents during depositions or witnesses during hearings in an Relevant Action if relevant to the proceeding, subject to Section 4.1.8, and provided that all other parties and counsel present at the deposition or hearing have agreed to be bound by this Protective Order as it relates to Material produced in this action;

4.1.6.8. Persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the CONFIDENTIAL Material being disclosed, or who have been participants in a communication that is the subject of the CONFIDENTIAL Material and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel

STIPULATED PROTECTIVE ORDER - 9

EXHIBIT A

Case 2:16-cv-08240-SVW-RAO Document 24 Filed 02/06/17 Page 9 of 15 Page ID #:140

4.1.6.2. The Court, its staff, the jury, and all appropriate courts of appellate jurisdiction and their staff in a Relevant Action;

4.1.6.3. Outside counsel of record for the Parties in a Relevant Action;

4.1.6.4. Members of the legal, paralegal, secretarial or clerical staff of such counsel who are assisting in or responsible for working on a Relevant Action and who have need for such information for purposes of a Relevant Action;

4.1.6.5. Experts of the Parties who have a need for such information to assist in a Relevant Action;

4.1.6.6. Court reporters during depositions or hearings in a Relevant Action;

4.1.6.7. Deponents during depositions or witnesses during hearings in an Relevant Action if relevant to the proceeding, subject to Section 4.1.8, and provided that all other parties and counsel present at the deposition or hearing have agreed to be bound by this Protective Order as it relates to Material produced in this action;

4.1.6.8. Persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the CONFIDENTIAL Material being disclosed, or who have been participants in a communication that is the subject of the CONFIDENTIAL Material and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel

STIPULATED PROTECTIVE ORDER - 9

EXHIBIT A

confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation;

    4.1.6.9. Employees of third-party contractors of the Parties involved solely in providing copying services or litigation support services such as organizing, filing, coding, converting, storing, or retrieving Material connected with a Relevant Action; and

    4.1.6.10. Any other person agreed to in writing by the Disclosing Party.

4.1.7. Any Material that is designated OUTSIDE COUNSEL EYES ONLY shall not be disclosed to any person or entity other than the following, and only after such person or entity has been advised of and has agreed to be subject to the terms of this Order:

    4.1.7.1. The Court, its staff, the jury, and all appropriate courts of appellate jurisdiction and their staff in a Relevant Action;

    4.1.7.2. Outside counsel of record for the Parties in a Relevant Action;

    4.1.7.3. Members of the legal, paralegal, secretarial or clerical staff of such outside counsel who are assisting in or responsible for working on a Relevant Action and who have need for such information for purposes of a Relevant Action;

    4.1.7.4. Experts of the Parties who have a need for such information to assist in a Relevant Action;

    4.1.7.5. Court reporters during depositions or hearings in a Relevant Action;

STIPULATED PROTECTIVE ORDER - 10

EXHIBIT A

4.1.7.6. Deponents during depositions or witnesses during hearings or trial in a Relevant Action if relevant to the proceeding, subject to Sections 4.1.8 and **Error! Reference source not found.**, and provided that all other parties and counsel present at the deposition, hearing, or trial have agreed to be bound by this Protective Order as it relates to Material produced in this action;

4.1.7.7. Persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the OUTSIDE COUNSEL EYES ONLY Material being disclosed, or who have been participants in a communication that is the subject of the OUTSIDE COUNSEL EYES ONLY Material and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation; and

4.1.7.8. Employees of third-party contractors of the Parties involved solely in providing copying services or litigation support services such as organizing, filing, coding, converting, storing, or retrieving Material connected with a Relevant Action.

       4.1.8. Prior to disclosure of any CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Material to any Expert employed by the Parties, counsel for the Parties to assist in the preparation and litigation of a Relevant Action, or deponents during depositions or witnesses during hearings or trial in a Relevant Action, he or she must first be advised of and agree in writing to be bound by the provisions of this Order. Such written agreement shall consist of his or her endorsement of a copy of this Order or of the Undertaking attached to this Order. Copies of such writings, except as to those persons whose identities need not be disclosed in discovery, shall be produced to other parties upon written request.

       4.1.9. The recipient of any CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY material shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

5. <u>OTHER PROVISIONS</u>

   5.1. Any third party producing Materials in this action may be included in this Order by endorsing a copy of this Order and delivering it to the Requesting Party, who, in turn, will serve a copy of it upon counsel for the other parties.

   5.2. This Order shall not prevent any party from applying to the Court for further or additional confidentiality orders, or from agreeing with the other parties to modify this Order, subject to the approval of the Court.

   5.3. This Order shall not preclude any party from enforcing its rights against any other party, or any non-party, believed to be violating its rights under this Order.

5.4. Except as provided for in this Order, nothing in this Order, nor any actions taken pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any party, including the right of either party to object to the subject matter of any discovery request.  Furthermore, nothing in this Order, nor any actions taken pursuant to or under the provisions of this Order shall have the effect of proving, suggesting to prove, or otherwise creating a presumption that information disclosed in this action is confidential, trade secret or proprietary, as it pertains to the parties' respective claims in this action.

5.5. After final termination of the Relevant Action, including any appeals, each counsel of record that has received Material subject to this Protective Order, upon written request made within 60 days of the date of final termination, shall within 60 days of such request, (a) destroy or (b) assemble and return to the counsel of record, all Material in their possession and control, embodying information designated CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY, including all copies thereof except that each counsel of record may maintain one archive copy of all pleadings, correspondence, deposition transcripts, deposition exhibits, trial transcripts, and trial exhibits, together with any attorney work product provided that such archive copy be appropriately marked as CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY and be retained in accordance with the terms of this Order.

5.6. Counsel for any party may exclude from the room at a deposition, other discovery proceedings, or at a hearing, during any questioning that involves CONFIDENTIAL or OUTSIDE COUNSEL EYES ONLY Material, any person (other than the witness then testifying) who is not permitted the disclosure of such Material under this Order.

5.7. The Parties and any other person subject to the terms of this Protective Order agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order.  This Order shall survive termination of this litigation, to the extent that the information contained in confidential matters is not or does not become known to the public.

5.8. If any Material received under this Order and in the possession, custody, or control of any Receiving Party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative, or legislative body, or any other tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, the Receiving Party to whom the process or discovery request is directed shall:  (i) within five (5) business days after service thereof, give written notice of such process or discovery request, together with a copy thereof, to counsel for all Parties; (ii) cooperate reasonably to permit any party with an interest in protecting the Material time to seek to quash such process or discovery request; and (iii) not produce or disclose the Material until the party with an interest in protecting the Material consents in writing to the production of the Material, or the Receiving Party is ordered by a court of competent jurisdiction to produce or disclose the Material.

DATED THIS <u>6</u> day of February, 2017.

By _____
Hon. Rozella A. Oliver, Magistrate Judge

STIPULATED PROTECTIVE ORDER - 14

EXHIBIT A

# **UNDERTAKING**

I, _____, have read and agree to be bound by the Protective Order in *Mobile Net Posa, Inc. v. Ignition Wireless, LLC*, United States District Court for the Central District of California Case No. 2:16-cv-8240. I hereby submit to the jurisdiction of the Court for purposes of ensuring compliance with the Protective Order.

Date: _____

Signature: _____

Printed Name: _____

Address: _____
_____

STIPULATED PROTECTIVE ORDER - 15

EXHIBIT A